UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ELLEA GILBERT, individually, | ) |
| | ) |
| Plaintiff, | ) CASE NO. |
| | ) |
| v. | ) JURY TRIAL REQUESTED |
| | ) |
| REGIONAL ACCEPTANCE | ) |
| CORPORATION, a North Carolina | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1.  This is an action for damages arising under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and Fl. Stat. § 559.72, of the Florida Consumer Collection Practices Act ("FCCPA"). The TCPA prohibits, *inter alia*, the use of an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to call a telephone number assigned to a cellular telephone service without the prior express consent of the "called party", the current cell phone subscriber. In addition, the FCCPA prohibits, *inter alia*, communicating with a debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family. Defendant, in contravention of the aforementioned Acts, has placed hundreds of such calls to Plaintiff during the time frame relevant to this action.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1331. The TCPA is a federal statute. This Court has supplemental jurisdiction over Plaintiff's states law claims pursuant to 28 U.S.C. § 1367. Venue here is proper under 28 U.S.C. § 1391(b) because the Defendant conducts business in the State of Florida out of offices located in this District.

## PARTIES

3. Plaintiff Ellea Gilbert ("Plaintiff") is a natural person who, at all times relevant to this action, was a resident of Duval County, Florida.

4. Plaintiff is the holder, with dominion and control over two cellular telephones, assigned the number ending in "3938", the other ending in "1763".

5. Defendant Regional Acceptance Corporation ("Defendant") is a North Carolina corporation whose principal place of business is located at 1424 East Fire Tower Road, Greenville, NC 27858. Defendant conducts business in the State of Florida out of offices located at 5474 W. Sample Rd., Margate, FL 33073. Defendant's registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant is in the business of providing and thereafter aggressively collecting sub-prime automobile loans. Defendant is registered with the State of Florida as a Sales Finance Company, license number SF0900032.

## FACTUAL ALLEGATIONS

7. On or about March 23, 2013, Plaintiff entered into a retail installment agreement with Defendant for purposes of financing the purchase of a used vehicle. At or near that time, Plaintiff provided Defendant with the cellular telephone number ending in as "1763" as a means of contact.

8. Unbeknownst to Plaintiff at the time she provided Defendant with her cellular telephone number, it is Defendant's policy and procedure to place numerous and repeated automatically dialed or prerecorded telephone calls to customers (sometimes 3-4 times per day), either demanding payment or advising of an upcoming payment, well in advance of the regularly scheduled payment date.

9. Unlike the "1763" number, Plaintiff did not provide Defendant with her other cellular telephone number, the "3938" number. Without Plaintiff's knowledge or consent, Defendant also obtained that number, ostensibly through some form of skip tracing or call trapping technology, and commenced its incessant calling campaign against that number as well.

10. Defendant's repeated and intrusive calls came with such frequency, to the point where Plaintiff felt constantly harassed, that in or about November, 2015, Plaintiff felt compelled to instruct Defendant to cease placing automatically dialed calls to her cellular telephones— at which point she was advised that it was Defendant's policy, if they were not permitted to place automatically dialed calls, they would cease telephone contact altogether. Plaintiff advised Defendant that she

was "fine with that" and just wanted the constant barrage of automatically dialed calls to stop.

11. Despite Plaintiff's instructions to the contrary, Defendant continued to place repeated, automatically dialed telephone calls to Plaintiff's cellular telephones. Accordingly, in or about January, 2016, Plaintiff again unequivocally instructed Defendant to cease placing automatically dialed calls to her cellular telephones.

12. As of the filing of this action, Defendant's willful and knowing practice of placing numerous and repeated automatically dialed or prerecorded telephone calls to Plaintiff's cellular telephones continues unabated.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. The TCPA provides, in relevant part:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

15. Here, after receiving unequivocal instructions to the contrary, Defendant has placed, and continues to place hundreds of calls to Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice.

16. Pursuant to § 227(b)(3), a private person may bring an action based on a violation of the statute to enjoin such violation and/or for the greater of actual monetary losses or $500 per violation. Additionally, the court may treble the monetary or statutory damages if the violation was willful or knowing. *Fini v. Dish Network LLC*, 955 F. Supp. 2d 1288 (M.D. Fla. 2013).

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendant for:

(1) Statutory damages of at least $500 per call for every made in violation of the TCPA, and up to $1500 for every violative call made willfully or knowingly;

(2) Attorney's fees, litigation expenses and costs of suit to the extend provided for by law;

(3) Such other and further relief as the Court deems proper.

## COUNT II
### VIOLATION OF FLA. STAT. § 559.72(7)

17. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

18. Pursuant to Section 559.72(7), a person may not "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." *Mikesell v. FIA Card Services, NA*, No. 2: 12-cv-606-FtM-29DNF (M.D. Fla. Oct. 25, 2013).

19. Defendant has placed hundreds of automatically dialed or prerecorded calls to Plaintiff since 2013, despite Plaintiff's repeated instructions that the calls cease. The calls have occurred with such frequency that Plaintiff, and reasonably so, has felt constantly harassed and abused throughout.

20. Under Florida law, "[a]ny person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. § 559.77(2).

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendant for:

(1) Statutory damages of up to $1000 for Defendant's violation of the FCCPA;

(2) Attorney's fees, litigation expenses and costs of suit to the extend provided for by law;

(3) Such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 21, 2016.                             Respectfully submitted,

By: *s/ Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
scott@scottdowens.com